Rich, Judge,
delivered the opinion of the court:
*740 This appeal is from the decision of the Patent Office Board of Appeals affirming the primary examiner’s rejection of claims 2, 4, 5, 7, 8y 12, and 13 of the application of Karl L. Herrmann, Victor L. Barr, and Gerald A. Henwood, serial No. 244,486, filed August 31,1951, entitled “Needle Boiler Bearings.” Six claims stand allowed. Claim 8, which is representative of the appealed claims, reads:
8. A cylindrical roller bearing comprising a symmetrical race ring having side ribs thereon spaced to form a raceway between them and provided with annular bearing surfaces, a tubular cage making a loose slip fit with said annular surfaces- and having slots therein forming roller windows, said windows extending entirely across but not beyond said raceway and having bars between them each having throughout greater circumferential width than radial thickness and forming side walls for the respective windows having substantially parallel surfaces over at least a portion of their radial thickness, and cylindrical, symmetrical rollers in said raceway and windows and having their centers of rotation in a pitch circle approximately coincident with said annular surfaces, said rollers each having a length several times its diameter and being guided by contact at approximately the pitch circle of its circumferential surface with portions of said parallel walls adjacent to the corners formed thereby with a circumferential surface of said cage.
Claims 4, 8,12, and 13 are limited to “needle” roller bearings, while claims 2, 5, and 7 are expressed in broader terms.
The subject matter of appellants’ application is a roller bearing of the so-called “needle” type in which the rollers have a length at least three times as great as their diameter and their diameter does not ordinarily exceed 5 mm. It is well known that “needle” bearings have distinct advantages for some applications over so-called “square” roller bearings which have rollers of smaller length to diameter ratio. Appellants contend that some of the advantages of “needle” bearings have heretofore been offset by a tendency of the rollers to skew under load and to jam with the roller spacing cage, resulting in greater friction and loss of bearing life. This skewing tendency is claimed to be eliminated by appellants’ bearing design which includes a roller spacing-cage that “floats” with respect to the rollers rather than riding on the rollers and which contacts the rollers in allegedly more desirable areas for guiding purposes.
As shown and described, appellants’ bearing comprises rollers arranged in a cii'cle between inner and outer cylindrical race rings. The outer member or ring is provided with inwardly extending flanges which are spaced apart at their inner radial surfaces approximately equal to the length of the rollers, to provide a raceway. The height of the flanges from the load bearing surface of the raceway is equal to one-half the diameter of the rollers so that each flange terminates in a circle passing through the axis of the rollers, known as the pitch circle. Thus substantially half of each roller lies in and half out *741 of the raceway. The rollers are held in spaced relationship by means of a tubular roller cage which comprises a cylindrical member having spaced roller-receiving windows, each having a length substantially ■equal to that of the rollers-and a width substantially equal to the roller diameter, with appropriate clearances in each direction. The outer cylindrical surfaces at the ends of the cage beyond the windows are continuous rims which rest with a slip fit on the cylindrical surfaces of the race ring flanges so that the cage is rotatable with respect to them. The cage is thus supported in running contact with the flanges of the outer race ring.
The line of contact between the cage rims and the flanges is preferably coincident with the pitch circle, but may vary within a zone having a radial width on either side of -the pitch cirele not exceeding 10 percent of the diameter of a roller. Each roller end area thus, contacts, substantially at the pitch circle, a radial end wall formed by the cage at the inner radial surface of the end of its window and the inner radial surface of the race ring flange, these two roller-contacting areas moving in opposite directions with respect to each other, and essentially on opposite sides of the pitch circle. There is also disclosed a bearing wherein the flanges are on the inner race-ring but operating on the same principles.
The claims were rejected as not patentably distinguishing over prior art references. The sole issue before us is the propriety of this rejection.
The references relied on are:
Bott, 1,765,648, June 24, 1930
Heim, 2,044,168, June 16, 1936
Reiss, 2,503,070, April 4, 1950
The Bott patent discloses a bearing comprising cylindrical rollers each having a length approximately equal to its diameter, so-called “square” rollers. The rollers are arranged in á circle about the inner race ring which is provided with spaced outwardly extending flanges forming a raceway in which the rollers are received. The height of the flanges is approximately one-fourth the roller diameter. The rollers are held in spaced relation by a cylindrical cage member provided with roller receiving windows. The cage is provided with continuous rims at the ends of the windows and the inner cylindrical surfaces of the ends of the cage rest upon the raceway flanges.
The patent to Heim discloses a roller bearing generally similar to that of Bott, but the flanges which form the raceway have a height apparently equal to one-half the roller diameter and therefore terminate in the pitch circle. The continuous rims of Heim’s cage, however, do not rest on'the flanges of the raceway, but are spaced *742 radially outwardly therefrom, the cage being supported by the rollers and not by the raceway flanges.
The Eeiss patent was cited merely to show a roller bearing, of the “needle” type, wherein the length of the rollers is more than three times their diameter, which bearing also includes a cage.
Claims 2, 5, and 7 were rejected on Bott in view of Heim, and the remainder of the appealed claims, 4, 8, 12, and 13, were rejected on the same references in view, of the “needle” roller bearing shown by Eeiss.
The two features upon which appellants rely for patentability are found in varying breadth in all of the appealed claims: (1) support ■ of the roller guiding cage on the raceway ribs at the pitch circle, and ' (2) arrangement of the structure so that the rollers are guided by •contact at the pitch circle.
The Bott patent is the basic reference. Appellants point, out that v the flanges which form the walls 'of the raceway in the Bott construction extend only about half way from the bottom of the raceway to the pitch circle, and that approximately half of the bearing cage lies on each side of the pitch circle, and argue that because of these features in Bott’s operation “roller'end areas moving in opposite directions engage the same radial surface which cannot wash out the opposed forces and, thus, the roller end areas tend to move along such radial surface and create friction, heat and the skewing action * * * ,” which does not occur in appellants’ design because the radial surfaces of the flange and the cage meet at the pitch circle. Before further considering Bott as a reference we should remark that though the mechanical phenomenon causing this alleged advantage is not very well explained, it is stated by appellants that their bearing configuration results in substantially greater service ' life and load carrying capacity. This statement was not questioned by the Examiner or the Board of Appeals, so we are constrained to accept it at face value, at least so far as it applies to “needle” bearings, since appellant has stated that his alleged improvements are especially applicable to such bearings because of their particular susceptibility to roller “cocking.”
1 Claims 4, 8, 12, and 13 are limited to “needle” bearings. Bott discloses only bearing rollers of the “square” type with which cocking ■is not a serious problem, raising doubts as to its basic pertinency. Bott is combined with the disclosure of another “square” type bearing, Heim, as support for the proposition that it would be obvious to modify Bott so as to guide his rollers at the pitch circle, and that Bott as thus modified would suggest to one skilled in the art that it would be advantageous to so guide “needle” bearing rollers to prevent cocking. We do not agree. The essential suggestion is lacking.
*743 Nb-thus appears to us that the rejection is not. well- founded*insofar .'as the. claimed invention .is limited to needle bearings, but as' the Patent Office solicitor, points out, the .appealincludes claims 2* 5, and . 7. which do not. have the “needle” roller limitation. The solicitor says this tempers somewhat appellants’ argument for patents ability based on asserted benefits, in “needle” bearings, citing In re Ripper, 36 CCPA 743, 171 F. 2d 297, 80 USPQ 96. This case was apparently cited for the proposition that a limitation which is not found in all the claims cannot be considered to b.e “critical.” We do not think this proposition has any applicability to the present case. The difference between the two groups of claims here is that one group, is limited to “needle” bearings, ,the type of bearings to which alone appellants’ invention relates, and the other group is broad enough* due to the absence of-this limitation, to read on roller bearings generally, including the type having “square” rollers. This is not a question of criticality at all but one of scope and of so defining what was actually invented as to patentably distinguish from the prior art. We think In re Ripper is inapposite.
In the instant case it is clear that the new and useful results flowing* from' appellants’ invention are limited to “needle” bearings and that the problems solved are peculiar to bearings of that type. We feel that the claims so limited distinguish from the cited art. The Board of Appeals is therefore reversed as to claims 4,8,12, and 13.
The remaining claims 2, 5, and 7 are not limited to “needle” bearings and the Bott and Heim references are, therefore, more pertinent, at least so far as the claimed structure is concerned. We are of the opinion that the difference expressed in these broader claims over the cited references is merely one of degree. Appellant’s application states that, for many purposes, the junction between the flanges' of the race ring and the cage rims may lie on either side of the pitch circle by as much as ten percent of the roller diameter, which clearly indicates that a certain amount of contact between a cage or flange and portions of a roller end surface moving in opposite directions is permissible, and the permissible amount must certainly vary according to the design of the bearing. Heim shows it to be old to locate the raceway flange on one side of the pitch circle with the cage rim on the other side. We are in agreement with the Patent Office that it would not be unobvious to one skilled in the art, in view of Heim* merely to extend Bott’s cage supporting race flanges to terminate at the pitch circle. We see no patentable significance, in the consideration of these broad claims, in the fact that Heim does not show contact-between his bearing cagé and his flange. Heim’s general arrangement is so similar to that of Bott that the above modification would: readily suggest itself to the skilled worker in the art with respect to *744 the type of bearing disclosed, by Bott and Heim. Nevertheless, this would not suggest either the problems which existed in needle bearings or the solutions thereto which appellants have taught.
For the above reasons, the rejection of claims 2, 5, and 7 is affirmed and the rejection of claims 4,8,12, and 13 is reversed.